Filed 2/15/23  P. v. Jimenez CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ISMAEL JIMENEZ,<br><br>    Defendant and Appellant. | D079640<br><br><br>(Super. Ct. No. SCD291109) |


APPEAL from a judgment of the Superior Court of San Diego County, Polly H. Shamoon, Judge.  Reversed in part, affirmed in part, and remanded with directions.

Michelle T. LiVecchi-Raufi, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Eric A. Swenson and Felicity Senoski, Deputy Attorneys General, for Plaintiff and Respondent.

Ismael Jimenez pled guilty to assault by means of force likely to produce great bodily injury.  (Pen. Code, § 245, subd. (a)(4)[1].)  The trial court granted Jimenez probation subject to various terms and conditions, including an electronic search condition and a condition requiring him to participate in "treatment, therapy, counseling, or other course of conduct as suggested by validated assessment tests."  The court also imposed various fines and fees, including a county collection fee that is no longer collectible under recent legislation.  On appeal, Jimenez argues the electronic search condition is invalid under *People v. Lent* (1975) 15 Cal.3d 481 (*Lent*) and the treatment condition is an improper delegation of the court's authority and unconstitutionally vague.  He also challenges the county collection fee and asks this court to correct the sentencing order of conviction, which does not reflect the stayed revocation restitution fine.  Finally, Jimenez asks us to remand the matter for the trial court to clarify whether it imposed a restitution fine.

The People concede the electronic search condition is invalid, that the county collection fee should be stricken, and that the sentencing minute order requires correction.  With respect to the treatment condition, the People argue that Jimenez forfeited his challenge by not raising it in the trial court, and that even if not forfeited the condition should be upheld.  As we shall explain, we agree with Jimenez and the People that the sentencing order requires reversal and correction with respect to the electronic search condition and fees and fines, and we agree with the People that the treatment condition should be affirmed.

---

[1]    Subsequent undesignated statutory references are to the Penal Code.

## FACTUAL AND PROCEDURAL BACKGROUND[2]

A female security guard for a CVS store in downtown San Diego saw Jimenez sleeping on the store's property. The guard woke Jimenez and asked him to leave. In response, Jimenez hurled obscenities at the security guard and threatened her life. Jimenez then stood, put his fists up, and moved toward her. As the guard back peddled, she pulled out a knife and swiped it at Jimenez, cutting him in the chest. The security guard radioed her partner to call 911, and a bystander pushed Jimenez away. When police arrived, Jimenez told them the security guard had attacked him. However, video surveillance footage from the CVS showed that Jimenez was the aggressor in the encounter and the guard was defending herself.

Jimenez was arrested, taken to the hospital for treatment, and later transported to jail. The District Attorney filed an information charging Jimenez with making a criminal threat (§ 422) and interference with civil rights by force or threats (§ 422.6, subd. (a)). The same day, the trial court entered a criminal protective order preventing Jimenez from contacting the security guard.

Thereafter, Jimenez pled guilty to assault by means of force likely to produce great bodily injury and, in exchange for the guilty plea, the prosecution moved to dismiss the initial charges. The trial court granted Jimenez formal probation for two years under certain terms and conditions. Jimenez timely appealed from the judgment.

---

[2]    Because Jimenez pled guilty, the facts are derived primarily from the probation report.

DISCUSSION

I

As stated, the trial court imposed various terms on the grant of probation. The terms included a condition, labeled 6.n on the form formal probation order, requiring Jimenez to "[s]ubmit person, vehicle, residence, property, personal effects, *computers, and recordable media plus pass codes* to search at any time with or without a warrant, and with or without reasonable cause, when required by [Parole Officer] or law enforcement officer." (Italics added.) Jimenez asserts, and the People agree, that the portion of this condition that relates to computers and recordable media is invalid under *Lent*.

"The Legislature has placed in trial judges a broad discretion in the sentencing process, including the determination as to whether probation is appropriate and, if so, the conditions thereof." (*Lent, supra*, 15 Cal.3d at p. 486.) Under this grant of discretion, a trial court may impose any "reasonable conditions, as it may determine are fitting and proper to the end that justice may be done, that amends may be made to society for the breach of the law, for any injury done to any person resulting from that breach, and generally and specifically for the reformation and rehabilitation of the probationer …." (§ 1203.1, subd. (j).) "[W]e ' "review conditions of probation for abuse of discretion." ' [Citation.] Specifically, we review a probation condition 'for an indication that the condition is "arbitrary or capricious" or otherwise exceeds the bounds of reason under the circumstances.' " (*In re Ricardo P.* (2019) 7 Cal.5th 1113, 1118 (*Ricardo P.*).)

In *Lent*, the Supreme Court adopted a three-part test to determine whether a probation condition is reasonable and, therefore, statutorily-valid. "A condition of probation will not be held invalid unless it '(1) has no

4

relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality ....' " (*Lent, supra*, 15 Cal.3d at p. 486.) "This test is conjunctive—all three prongs must be satisfied before a reviewing court will invalidate a probation term." (*People v. Olguin* (2008) 45 Cal.4th 375, 379.)

Here, the parties agree the *Lent* test is satisfied for the portion of condition 6.n that Jimenez challenges. The electronic search condition bears no relationship to the crime he admitted, and the use of computers and recordable media is not inherently criminal. (See *People v. Cota* (2020) 45 Cal.App.5th 786, 789–790 (*Cota*).) With respect to the third prong of the *Lent* test, the relationship to future criminality, where a significant privacy interest is at issue, the condition will be considered unreasonable unless it is "proportional to achieving some legitimate end of probation." (*Ricardo P., supra*, 7 Cal.5th at p. 1127.) Reasonableness requires "more than just an abstract or hypothetical relationship between the probation condition and preventing future criminality." (*Id.* at p. 1121.) "In other words, to justify a burdensome condition, there must be a specific relationship—grounded in the facts of the case—between the condition and preventing future criminality." (*Cota,* at p. 790.)

Over an objection by Jimenez's counsel that there was "no nexus" between the crime and the electronic search condition, the trial court stated it wanted to ensure the probation department had "the ability to monitor to make sure" Jimenez did not contact the victim in light of his threats to her. This rationale was not sufficient to justify the invasion of privacy created by the condition. Specifically, the electronics portion of the search condition is unreasonable because there was no "substantial and particularized

justification" for the court to impose it. (*Ricardo P., supra*, 7 Cal.5th at p. 1126; *Cota, supra*, 45 Cal.App.5th at p. 791.) Nothing in the record indicates that Jimenez's current crime of assault by force likely to result in great bodily injury or his previous crimes (mentioned by the court during the sentencing hearing) are related to electronic devices.

However, our ruling does not foreclose the possibility that a narrower electronics search condition might be appropriate based on facts not before us. Therefore, we strike the challenged portion of the condition without prejudice to the People, who may demonstrate to the trial court with additional facts that a more narrowly drawn electronics search condition is proportionate to the burden on Jimenez's privacy interest.[3]

## II

Jimenez next challenges the probation condition, labeled 7.b on the formal probation order, that requires him to "[p]articipate in treatment, therapy, counseling, or other course of conduct as suggested by validated assessment tests." Although Jimenez did not object to the condition in the trial court, he argues the condition is both an improper delegation of judicial authority and unconstitutionally vague. The People respond that Jimenez forfeited these arguments and, alternatively, that the condition is valid.

First, we agree with the People that Jimenez's assertion that the condition is an improper delegation of judicial authority is forfeited. (*People v. Welch* (1993) 5 Cal.4th 228, 235.) To the extent he had concerns about the court's delegation of authority to the probation officer, he could have objected

---

[3] Because we conclude the challenged portion of condition 6.n, i.e. the reference to "computers, and recordable media plus passcodes," is invalid under *Lent*, we do not reach Jimenez's additional claim it is unconstitutionally overbroad. (See, e.g., *Agarwal v. Johnson* (1979) 25 Cal.3d 932, 951 [electing not to reach an issue when the case resolved on narrower grounds].)

and asked the trial court to address those concerns when condition 7.b was imposed.  By accepting this probation term without objection, Jimenez deprived the trial court of the opportunity to narrow or modify the condition if appropriate.  The purpose of the forfeiture rule is to avoid precisely this situation—where an objection would have permitted the trial court to address the concern or make a better record to support the court's decision.  (See *In re Sheena K.* (2007) 40 Cal.4th 875, 881 (*Sheena K.*).)

In any event, even if we were to exercise our discretion to consider the claim, we would conclude that the challenged condition is a reasonable and appropriate delegation of authority.  The court is statutorily required to delegate authority over probationers to probation officers.  (§ 1203.1, subd. (j).)  The pragmatic reason is that the goals of probation include reformation and rehabilitation of the probationer—and a trial court "is poorly equipped to micromanage selection of a [treatment or counselling] program." (*People v. Penoli* (1996) 46 Cal.App.4th 298, 308 (*Penoli*).)

Moreover, Jimenez did not object to a related condition (condition 6.r), which requires that he "[p]articipate and comply with any assessment program if directed by the [probation officer]."  That acquiescence effectively concedes that the trial court properly delegated the discretion to select tests designed to diagnose Jimenez's rehabilitative needs.  It would make little sense to withhold a concomitant delegation of discretion to direct his

participation in reasonable treatment plans designed to meet those needs once they are understood.[4]

In a related argument also made for the first time on appeal, Jimenez contends that condition 7.b "fails qualification as a valid probation condition due to the vague wording of the text, or fair warning of the required conduct, other than obedience to the suggestions of 'valid assessment tests.' " He further argues the "condition fails to define any connection, purpose, or limitation between the assessment tests and [his] probation."

Again, even if the point had been properly preserved by objection in the trial court, we would disagree. In addition to a general reasonableness requirement, a probation condition " 'must be sufficiently precise for the probationer to know what is required of him, and for the court to determine whether the condition has been violated,' if it is to withstand a challenge on the ground of vagueness." (*Sheena K., supra*, 40 Cal.4th at p. 890.) Here, condition 7.b is not unconstitutionally vague. It plainly directs Jimenez to participate in "treatment, therapy, counseling, or other course of conduct" as indicated by the results of assessment programs and as directed by the probation officer.

---

[4] Jimenez argues that *Penoli* supports his contention that condition 7.b improperly delegates judicial authority to the probation department. Although *Penoli* upheld an order granting the probation department "to unilaterally select a residential drug rehabilitation program and determine whether defendant successfully completed that program," Jimenez asserts the case is distinguishable because its probation order specified the type of treatment required. (*Penoli, supra*, 46 Cal.App.4th at p. 307.) We disagree. In *Penoli* the defendant's admitted methamphetamine addiction made it clear that drug treatment was an appropriate rehabilitative measure. (*Ibid*.) In contrast, in this case it is not clear what type of rehabilitation is needed. Thus, the trail court appropriately tasked the probation department with assessing Jimenez to make that determination.

8

Moreover, the record does not show that Jimenez has been directed by a probation officer to participate in any "course of conduct as suggested by validated assessment tests." In the future, if he is directed by a probation officer to comply with this condition in a manner that does not give him sufficient information to discern what conduct is required, he may challenge the manner in which the condition has been implemented. (§§ 1203.2, subd. (b)(1), 1203.3, subd. (a); see *People v. Keele* (1986) 178 Cal.App.3d 701, 708 [trial court retains jurisdiction to review probation officer's actions].)

## III

At the time of Jimenez's sentencing, the court imposed a $30 surcharge for county collection costs pursuant to former section 1202.4, subdivision (l). As Jimenez asserts, effective January 1, 2022, the Legislature abolished this fee by eliminating the authorizing provision and adding section 1465.9, subdivision (b), which makes the balance of this fee unenforceable and uncollectible and requires us to vacate the portion of the judgment imposing the fee. (Stats. 2021, ch. 257, §§ 19, 20, 35.) The People concede the issue, and we accept the concession.

Accordingly, we will direct the trial court to vacate any unpaid portion of the $30 administrative fee imposed pursuant to former section 1202.4, subdivision (l).

## IV

Finally, in his opening brief, Jimenez asks this court to conform the sentencing order of conviction to the court's oral pronouncement of the sentence, which struck the imposition of a probation revocation restitution fine under section 1202.44. In response, the People ask this court to modify the sentencing order to include the imposition of a $300 restitution fine under section 1202.4, subdivision (b) and to keep in place the matching $300

9

probation revocation restitution fine, which they assert is mandatory. In his reply brief, Jimenez asserts that the People waived any challenge to the trial court's decision to strike the probation revocation restitution fine. Jimenez also modifies his request to this court, and asks us to remand the matter for the trial court to resolve the conflicts in the various orders regarding these fines.

During the sentencing hearing, the trial court did not reference the restitution fine required under section 1202.4, subdivision (b). The court did state that it was striking the restitution revocation fine, identified on the written order granting formal probation under section 2.s. The prosecution did not object to the court's decision to strike the fine at the hearing. The written order granting formal probation imposes a restitution fine of $300 and, reflecting the oral pronouncement, sets the probation revocation restitution fine at $0. The sentencing order of conviction, however, indicates a restitution fine of $0 and a probation revocation restitution fine of $300.

"Under subdivision (b) of Penal Code section 1202.4, a trial court *must* impose 'a separate and additional restitution fine' as part of the judgment of conviction entered against a criminal defendant, 'unless it finds compelling and extraordinary reasons for not doing so, and states those reasons on the record.'" (*People v. Smith* (2001) 24 Cal.4th 849, 851, fn. omitted.) Section 1202.44 provides that "[i]n every case in which a person is convicted of a crime and a conditional sentence or a sentence that includes a period of probation is imposed, the court shall, at the time of imposing the restitution fine pursuant to subdivision (b) of Section 1202.4, assess an additional probation revocation restitution fine in the same amount as that imposed pursuant to subdivision (b) of Section 1202.4. This additional probation revocation restitution fine shall become effective upon the revocation of

10

probation or of a conditional sentence, and shall not be waived or reduced by the court, absent compelling and extraordinary reasons stated on record."

In *People v. Tillman* (2000) 22 Cal.4th 300 the California Supreme Court held that an appellate court may not correct the sentencing court's failure to impose a restitution fine and an associated parole revocation restitution fine where the People failed to object in the trial court. (*Id.* at p. 303.) The court concluded that the waiver doctrine applies when " 'the trial court[] fail[s] to properly make or articulate its discretionary sentencing choices' " and that the fine under section 1202.4, subdivision (b) is a discretionary sentencing choice because the statute permits the court to determine the amount or to waive the fine if its reasons for doing so are made clear on the record. (*Tillman,* at p. 302.) In so holding, the court "reasoned that waiver principles 'encourage development of the record and a proper exercise of discretion in the trial court,' as well as helping to 'discourage … invalid probation conditions and reduce the number of costly appeals brought on that basis.' " (*Id.* at p. 303.)

Like section 1202.4, subdivision (b), section 1202.44 contains the same discretionary language permitting the court to waive or reduce the fine if it states on the record that there are "compelling and extraordinary reasons" for doing so. (§ 1202.44.) This language was the basis for the California Supreme Court's conclusion in *Tillman* that section 1202.4, subdivision (b) provided the trial court with sentencing discretion and, thus, the failure to object results in a waiver of any claim of error. (*Tillman, supra*, 22 Cal.4th at pp. 302–303.) In this case, at the hearing the trial court did not state any reason for its waiver of the probation revocation restitution fine, and its failure to do so was error. The record is clear, however, that the prosecution did not object to the reduction. Thus, any challenge to the court's failure to

11

state its reasons for its discretionary sentencing choice to reduce the fine was forfeited. (*Ibid.*)

Accordingly, we agree with Jimenez that the People's failure to object to the reduction of the probation revocation restitution fine forfeited any challenge to that reduction. We also conclude that the court's statements at the hearing make clear that it intended to exercise its discretion to waive that fee and the sentencing order of conviction must be modified to conform to that decision.

The record is less clear with respect to the restitution fine under section 1202.4, subdivision (b). Because there are conflicting orders in the record concerning the imposition of that fine, and the court made no pronouncement about the fine at the hearing, we agree with Jimenez that remand is necessary for the trial court to determine whether to impose that fine. We note that if the trial court waives the restitution fine on remand, it must state on the record its "compelling and extraordinary reasons" for doing so. (§ 1202.4, subd. (b).)

DISPOSITION

The judgment is reversed in part and remanded with the following directions:

> 1. The trial court is directed to strike the portion of probation condition 6.n that states "computers, and recordable media plus passcodes." This direction is made without prejudice to the People, who may demonstrate to the trial court with additional facts that a more narrowly drawn electronics search condition is proportionate to the burden on Jimenez's privacy interest.

> 2. The trial court is directed to vacate any unpaid portion of the $30 administrative fee imposed pursuant to former section 1202.4, subdivision (l).

12

3. The trial court is directed to vacate the imposition of the $300 probation revocation restitution fine contained in the sentencing order of conviction.

4. The trial court is directed to determine whether to impose the $300 restitution fine contained in the formal order of probation. If the court determines that fine should be waived, it must state its reasons on the record.

The judgment is otherwise affirmed.

McCONNELL, P. J.

WE CONCUR:

O'ROURKE, J.

BUCHANAN, J.

13